# United States Court of Appeals for the Fifth Circuit

---

No. 24-50694
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
September 18, 2025

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

MANUEL GARCIA-MONTERO,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:22-CR-684-1

---

Before STEWART, GRAVES, and OLDHAM, *Circuit Judges*.

PER CURIAM:*

Manuel Garcia-Montero appeals the 42-month within-guidelines sentence imposed by the district court after his guilty plea conviction for illegally reentering the United States. He argues that the district court erred in denying him a reduction for acceptance of responsibility under U.S.S.G. § 3E1.1.

---

* This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 24-50694

Because he preserved the issue, we review the district court's denial of a reduction for acceptance of responsibility using "a standard even more deferential than a purely clearly erroneous standard." *United States v. Washington*, 340 F.3d 222, 227 (5th Cir. 2003) (internal quotation marks and citation omitted). The Sentencing Guidelines provide for a two-level reduction to defendant's base offense level "[i]f the defendant clearly demonstrates acceptance of responsibility for his offense." § 3E1.1(a). Evidence of defendant's acceptance of responsibility may be outweighed by conduct inconsistent with such a claim. *See* § 3E1.1, comment. (n.3). The defendant has the burden of proving his entitlement to the reduction. *United States v. Sanchez-Ruedas*, 452 F.3d 409, 414-15 (5th Cir. 2006).

Here, the record supports the district court's finding that Garcia-Montero provided false information regarding his true identity. Additionally, he does not dispute that his conduct warranted the obstruction of justice enhancement he received, and, "[o]rdinarily, conduct that results in an enhancement for obstruction of justice [] indicates that the defendant has not accepted responsibility for his criminal conduct." *United States v. Juarez-Duarte*, 513 F.3d 204, 211 (5th Cir. 2008) (internal quotation marks and citation omitted).

Accordingly, Garcia-Montero has not shown the district court's denial of a reduction for acceptance of responsibility was without foundation. *See United States v. Lord*, 915 F.3d 1009, 1017 (5th Cir. 2019).

AFFIRMED.

2